IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-09-18-H-CCL |
| Plaintiff, | |
| vs. | ORDER |
| TYSON LEE GARZA, | |
| Defendant. | |

Defendant Tyson Lee Garza moves, though counsel, for early termination of supervised release. Defendant Garza acknowledges that his supervised release was revoked once, but contends that the Court should grant his request for early termination because "he has not experienced any non-compliance issues since serving his sentence on that revocation." (Doc. 3 at 3). He argues that he no longer requires supervision because he maintains employment at two different jobs and has "no problems with alcohol, drugs, or violations of the law." *Id.* Defendant Garza also points out that he has served over 2/3 of his term of supervised release. (Doc. 3 at 4). According to Defendant, the government and the probation officer do not oppose the motion.

## BACKGROUND

On December 29, 2009, Defendant Garza tendered a plea of guilty to Count 1 of a two-count Indictment charging him in Count 1 with being a Felon-in-Possession of a Firearm, in violation of 18 U.S.C. 922(g)(1) pursuant to a plea agreement in which the government agreed to dismiss Count 2, which charged Defendant with possession of stolen firearms. On March 25, 2010, the Court sentenced Defendant Garza to 87 months custody, followed by a three-year term of supervision. Defendant's offense level was 23, criminal history category was IV, and guideline range was 70-87 months imprisonment.

## SUPERVISION HISTORY

Defendant Garza began his term of supervision on December 16, 2016. On March 2, 2017, Defendant Garza's then supervising probation officer, Sadie Dallaserra, submitted a noncompliance report alleging that Defendant Garza had violated his mandatory condition that he refrain from committing another crime and was facing charges for criminal trespass to property and criminal mischief in Billings Municipal Court. On the night he committed the charged crimes, Defendant admitted to Billings police officers that he had ingested methamphetamine, another violation of his supervised release. Probation Officer Dallaserra recommended that Defendant be allowed to continue with his current

course of treatment and the Court agreed, but cautioned that Defendant should be monitored closely. (*See* Doc . 30).

On April 10, 2018, Probation Officer Dallaserra submitted a "Petition for Warrant for Offender Under Supervision" charging Defendant with the two violations referenced above and with four additional violations. (Doc. 31). Defendant appeared before the Court for a revocation hearing on May 3, 2018 and admitted to the six charged violations. The Court found the violations were true and correct and sufficient to require revocation of supervised release. After hearing Defendant's allocution, the Court sentenced Defendant to eight months custody, to be followed by 26 months of supervised release.

Defendant began his second term of supervision on December 18, 2018. On September 24, 2019, Probation Officer Dallaserra submitted a request to modify Defendant's conditions by adding a condition requiring Defendant to register as a violent offender. (Doc. 44). This petition was prompted by Defendant's failure to report for random urine testing, failure to attend substance abuse/mental health treatment on three separate occasions, failure to live at an approved residence and failure to comply with violent offender registration. Defendant consented to the modification and waived his hearing, (Doc. 44-1) and the Court ordered the modification. (Doc. 44 at 3).

## LEGAL STANDARD

This Court has "broad discretion" when deciding "whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F./3d 817, 819 (9th Cir. 2014). The Court may grant early termination if "it is satisfied that such action is warranted by the conduct of the defendant released and the interest o justice" based on its consideration of the factors set forth in sections 3553(a)(1), (a)(2)(B - D), and (a)(4 - 7). 18 U.S.C. § 3583(e)(1). Defendant Garza, "as the party receiving the benefit of early termination," bears the burden of demonstrating that early termination should be granted. *United States v. Weber*, 451 Fed. 3d 552, 559, n. 9 (9th Cir. 2006).

## ANALYSIS

The Court cannot agree with Defendant's claim that he has been fully compliant with his conditions of supervision since starting his second term of supervised release on December 18, 2018. Were that the case, the Court would not have needed to modify his conditions in October of 2019. (Doc. 44). The violations of supervised release conditions set forth in the Probation Officer's request for modification could have formed the basis of a revocation petition. The Court chose to follow the supervising probation officer's recommendation and give Defendant yet another opportunity to comply with his conditions.

At best, Defendant can claim that he has been compliant with his conditions of release since September 24, 2019, the date his probation officer submitted the request for modification. While the Court appreciates the fact that Defendant is working two jobs, staying away from alcohol and drugs, and complying with the conditions of release, Defendant is expected to conduct himself properly without expecting to be rewarded with early termination of supervised release.

The Court has considered the appropriate factors under § 3553(a), including the nature and circumstances of Defendant's offense, which involved possession of a firearm as a convicted felon. In considering Defendant's history and characteristics, the Court considers his supervision history as well as his history prior to being sentenced. The Court must also consider, as it did when it initially sentenced Defendant, the need to protect the public. As the Court noted when it sentenced Defendant, he is a danger to the public when he does not control his substance abuse issues. At this time, the Court is not persuaded that early termination is in the interest of justice.

Although the United States and Defendant's supervising probation officer do not oppose Defendant's motion, there is no indication that the supervising probation officer affirmatively supports Defendant's motion. If the supervising probation officer submits an affidavit in support of early termination, the Court

will consider a renewed motion. Accordingly,

IT IS HEREBY ORDERED that Defendant's unopposed motion for early termination (Doc. 45) is DENIED with leave to renew.

Done and dated this 29th day of September, 2020.

CHARLES C. LOVELL
UNITED STATES DISTRICT JUDGE